IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DEBORAH S. GROH, et al. | ) |
| Plaintiffs, | ) Case No. 4:19-CV-00826-LMC |
| v. | ) |
| JACKSON COUNTY, MISSOURI, et al. | ) *Electronically filed on October 25, 2019* |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO DISMISS COUNT V OF PLAINTIFFS'
SECOND AMENDED PETITION, PLAINTIFFS' MOTION FOR LEAVE
TO FILE THEIR THIRD AMENDED COMPLAINT, AND PLAINTIFFS'
MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs hereby move to dismiss Count V of their Second Amended Petition.[1] Plaintiffs then seek leave to file their Third Amended Complaint pursuant to F.R.C.P. Rule 15(a)(2).[2] Accordingly, once Count V of Plaintiffs' Second Amended Petition is dismissed and Plaintiffs' Third Amended Complaint is filed, Plaintiffs move to then remand this case to state court for lack of any federal subject matter jurisdiction.

## II. PROCEDURAL HISTORY

This case has a tortured procedural history. As demonstrated herein, this case has been pending in state court for almost 2 years. Although significant discovery has been conducted, discovery is ongoing. The Defendants have improperly and unnecessarily avoid any fight on the merits for 2 years already and, after the case was set for trial beginning May 18, 2020 in Division

---

[1] The Court should issue an order dismissing Count V of Plaintiffs' Second Amended Petition pursuant to Rule 41(a)(2) "on terms that the Court considers proper."

[2] The Court should "freely give leave" to allow the Plaintiffs to file their Third Amended Complaint because "justice so requires" under Rule 15(a)(2).

15 of the Circuit Court of Jackson County, Missouri at Kansas City, the Defendants have now attempted to remove the case based on federal subject matter jurisdiction.

Plaintiffs filed their original Petition for Damages on January 4, 2018 in the Circuit Court of Jackson County alleging one count for inverse condemnation. After several hearings, Plaintiffs served discovery on June 12, 2018. The Defendants did not initially respond to the discovery but, instead, opposed the discovery and filed a Motion for Summary Judgment on June 29, 2018 in violation of the Court's scheduling order. The Defendants also moved to stay discovery on July 5, 2018. The Court denied the Defendant's Motion for Summary Judgment and the Defendants' Motion to Stay on August 22, 2018.

The Defendants did not timely respond to the pending discovery and, instead, filed a writ to the Missouri Court of Appeals on August 28, 2018 and a writ to the Missouri Supreme Court on September 10, 2018. Both writs were denied. Plaintiffs moved to enforce their pending discovery on December 21, 2018 and filed a motion for sanctions for Defendant's failure to respond to discovery on March 15, 2019. The Court Ordered the Defendants to respond to Plaintiffs' discovery and also granted sanctions on June 10, 2019.

Because the Defendants were illegally constructing a hiking and biking trail on the right-of-way, Plaintiffs filed a motion to revoke Jackson County's Exemption before the Surface and Transportation Board ("STB"). Plaintiffs demonstrated that Jackson County was in the process of committing a fraud on the STB by stating that they would leave the railroad tracks and ties in place and construct a hiking and biking trail adjacent to the actual railroad tracks (which actually violated both federal and state law). However, contrary to Jackson County's Petition for Exemption to the STB, Jackson County pulled up the rails and ties and constructed a recreational trail on the former

railroad right-of-way without utilizing the proper procedure—the federal Trails Act, pursuant to 16. U.S.C. § 1247(d).

The STB revoked Jackson County's Exemption and revoked its acquisition and operation of the former railroad right-of-way on July 31, 2019 (attached hereto as Exhibit A). Jackson County, therefore, currently has no right to construct a hiking and biking trail or utilize the former railroad right-of-way in any manner (but it continues to illegally construct a recreational trail on Plaintiffs' property today, completely ignoring the STB's revocation).

After being denied two writs and opposing discovery in state court, the Defendants moved for a Preliminary Injunction and Permanent Injunction before the United States District Court based on a previous ruling by Judge Ortrie Smith in *Groh I* (Plaintiffs argued that the railroad abandoned the line and the case was dismissed because of preemption). Judge Smith denied Defendants' motion on August 26, 2019 and, in a detailed Opinion, held that Plaintiffs' state law claims in this case (*Groh II*) should be adjudicated in state court. *See* Judge Smith's Opinion in Case No. 17-00174-cv-W-ODS, ECF No. 38, attached hereto as Exhibit B.

### III. PLAINTIFFS MOVE TO DISMISS COUNT V OF THEIR SECOND AMENDED PETITION AND MOVE TO FILE THEIR THIRD AMENDED COMPLAINT

Plaintiffs' original Petition was filed in state court on January 4, 2018. It contained only one count, a count for inverse condemnation. On April 5, 2019, Plaintiffs filed their First Amended Petition, which included new counts for quiet title and trespass. Plaintiffs later filed their Second Amended Petition on September 12, 2019. The Second Amended Petition contained five counts, Count I for inverse condemnation, Count II for quiet title, Count III for trespass, Count IV for ejectment, and Count V for a taking pursuant to 42 U.S. C. § 1983.

The Defendants filed their Petition for Removal on October 10, 2019. The Defendants removed the case because Plaintiffs' Second Amended Petition included Count V, a taking

pursuant to 42 U.S.C. § 1983, which provided federal subject matter jurisdiction. Plaintiffs now move to dismiss Count V of their Second Amended Petition pursuant to F.R.C.P. 41(a)(2) which, as a result, will eliminate federal question jurisdiction before this Court.

Once Count V is dismissed, Plaintiffs' Third Amended Complaint only alleges state law claims. *See* Third Amended Complaint, attached as exhibit C. *See also Caterpillar v. Lewis*, 519 U.S. 61 (1996); *Simpson v. Energy Petroleum Co.,* 2017 WL 4923574 (E.D. Mo. WL Oct. 31, 2017); *Lindsey v. Dillard's Inc.,* 306 F.3d 596 (8th Cir. 2002); *Parkway Construction Services, Inc. v. Blackline, LLC,* 573 S.W.3d 652, 661-662 (Mo. App. 2019) (allowing dismissal of one count of Petition after a responsive pleading has been filed). As Judge Smith held in *Groh II,* once Count V is dismissed, Plaintiffs' claims only involve matters of state law and those claims should be adjudicated in state court. *See* Judge Smith's Opinion, Exhibit B.

**IV. ONCE COUNT V IS DISMISSED AND PLAINTIFFS' THIRD AMENDED COMPLAINT IS FILED, THIS CASE SHOULD BE REMANDED BACK TO STATE COURT BECAUSE THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION**

Once Count V is dismissed and Plaintiffs' Third Amended Complaint is filed, there is no federal jurisdiction. As a result, this Court should exercise its discretion and remand this case. As soon as Count V is dismissed and Plaintiffs' Third Amended Complaint is filed, if allowed, this case no longer presents a federal question and this Court does not have jurisdiction. *See Richter v. Union Pacific Railroad,* 267 S.W.3d 294 (Mo. App. 2008) (holding that voluntarily dismissing a claim that may arise under federal jurisdiction, once dismissed, divests the federal court of jurisdiction). *See also U.S. Bank Nat'l Assn. v. William Brandon Hill,* 2016 WL 4491853 (Mo. App. Aug. 25, 2016).

## V. CONCLUSION

Because this case has proceeded in front of Judge Otto in the Circuit Court of Jackson County, Missouri for over one and a half years, and since Judge Otto is very familiar with the procedural posture of this case and even set it for trial, Plaintiffs now move to dismiss Count V, thereby divesting the federal court of subject matter jurisdiction under 42 U.S.C. § 1983, and move for leave to amend their pending Complaint accordingly pursuant to F.R.C.P. Rule 15(a)(2). As a result, once Count V is voluntarily dismissed and Plaintiffs' Amended Complaint is filed, this Court should remand this case to state court for adjudication.

Respectfully submitted,

Date: October 25, 2019         STEWART, WALD & McCULLLEY, LLC

 /s/ *Elizabeth A. McCulley*
| | |
|---|---|
| Thomas S. Stewart | MO #27833 |
| Elizabeth McCulley | MO #53101 |

2100 Central, Suite 22
Kansas City, MO 64106
(816) 303-1500
(816) 527-8068 (facsimile)
stewart@swm.legal
mcculley@swm.legal
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

       I hereby certify that on this 25th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the e-filing system which sent notice to the below parties of record:

JoAnn Sandifer
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

Robert Travis Willingham
Jackson County Courthouse
415 E. 12th Street, 2nd Floor
Kansas City, Missouri 64106

***Attorney for Defendants***
***Jackson County, Missouri &***
***Rock Island Rail Corridor Authority***

                                                        */s/ Elizabeth A. McCulley*
                                                        Attorney for Plaintiffs